IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOHN HOPKINS §<br>INDIVIDUALLY AND ON BEHALF §<br>OF ALL OTHERS SIMILARLY §<br>SITUATED §<br>§<br>§<br>§<br>§<br>§<br>VS. §<br>§<br>§<br>EAST TEXAS ROOF WORKS & §<br>SHEET METAL, LLC AND §<br>JIMMY D. GORDON § | CIVIL ACTION NO. 6:23-cv-00633<br><br>COLLECTIVE ACTION UNDER<br>42 U.S.C. §216(b)<br><br>JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1.　Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, East Texas Roof Works & Sheet Metal, LLC and Jimmy D. Gordon (Hereinafter collectively "East Texas Roof Works") as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages. Defendants misclassified these workers as independent contractors and failed to pay them overtime compensation as required by the FLSA.

2.　East Texas Roof Works suffered or permitted these workers to work more than 40 hours in a work week but did not pay them overtime wages. Instead, Defendant paid these workers a straight hourly rate with no federal withholding, social security or Medicare taxes withheld.

3. Defendants' failure to pay overtime to these workers violates the FLSA. 29 U.S.C. § 207(a).

4. Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seek their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

5. Plaintiff, John Hopkins ("Hopkins"), is a resident of Smith County, Texas. The Plaintiff brings this action individually on his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Defendant, East Texas Roof Works & Sheet Metal, LLC is a Texas limited liability company doing business in the Eastern District of Texas with its principal place of business at 14697 Rock Road, Tyler, Texas 75707. Defendant East Texas Roof Works & Sheet Metal, LLC may be served by delivering a copy of this complaint to its registered agent for service, Jimmy D. Gordon at 14697 Rock Road, Tyler, Texas 75707. Defendant, Jimmy D. Gordon may be served at 14697 Rock Road, Tyler, Texas 75707.

## JURISDICTION AND VENUE

6. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's operation in Tyler, Texas is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## **FACTS**

7. Plaintiff was employed by East Texas Roof Works in Tyler, Texas. His job at East Texas Roof Works was as a laborer/installer under the direct supervision of employees/owners of East Texas Roof Works. Plaintiff and the putative class members were and are paid a daily wage for the work performed. Plaintiff and the putative class members were hired to perform the work personally and were not able to assign another to do the job in his place. Plaintiff and the putative class members worked on the schedule set by East Texas Roof Works, and they performed the work in the order or sequence set by East Texas Roof Works. East Texas Roof Works provided all of the tools and materials for all the work. As stated, Plaintiff and the putative class members were paid a day rate for all hours worked, with no overtime premium for any hours worked over 40 in a work week.

8. Plaintiff and the putative class members did not realize a profit or loss in the business, rather, they were paid for services rendered. Plaintiff and the putative class members solely worked for East Texas Roof Works during the time of their employment and did not offer their services to the public. Plaintiff and the putative class members were subject to termination by Defendant at any time and were able to quit at any time without liability on their part.

9. East Texas Roof Works provided all plans and specifications for the welding projects, gave specific instructions on when, where and how the work was to be performed, including the manner of fabrication of the materials and the details of Plaintiff's work.

10. Defendant paid Plaintiff and the putative class members for services rendered and had the right to direct or control these workers, both as to the final result of their labors and the details of the where, when and how the work was to be performed.

11. Plaintiff worked between 60 and 70 hours per week. Plaintiff was not paid overtime wages; however, the work he did for East Texas Roof Works was not exempt as defined under 29 CFR part 451. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

12. Plaintiff believes and, therefore, alleges that the failure of East Texas Roof Works to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## FLSA COVERAGE

13. At all times hereinafter mentioned, East Texas Roof Works has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, East Texas Roof Works has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, East Texas Roof Works has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. During the respective periods of Plaintiffs' employment by East Texas Roof Works, these individuals provided services for East Texas Roof Works that involved interstate commerce.

17. In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

18. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## CLAIMS

19. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FSLA."  Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.  Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations.  Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

20. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Hopkins brings this action in his individual capacity and as a collective action.  Hopkins seeks this court's appointment and/or designation as representative of a class of similarly situated employees of East Texas Roof Works who were not paid for all overtime hours worked as described herein.  On information and belief, there are numerous laborers/installers who were not paid for all overtime hours worked for East Texas Roof Works as described herein.  The questions of law and fact are common to the class of

similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of East Texas Roof Works' day rate workers.

21. Hopkins specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## MANAGERIAL LIABILITY OF GORDON

22. Defendant Jimmy D. Gordon is a manager of East Texas Roof Works with "substantial control over the terms and conditions of the work" of Plaintiff. As such, Gordon is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d). Plaintiff alleges that Gordon willfully ignored the plan language of the FLSA regarding the payment of overtime wages for each workweek and was consciously indifferent to the rights of Plaintiff with regard to the payment of overtime wages. Plaintiff further alleges that Gordon intentionally sought no professional advice as to the legality of the pay practices at issue in this case.

## JURY DEMAND

23. Plaintiff, individually and as a representative of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified and that the Plaintiff and each member of the class recover from East Texas Roof Works the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

HOMMEL LAW FIRM PC

/s/*William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS MEMBERS