IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **JOHN HOPKINS INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | § § § § § § § § § | |
| | § | **CIVIL ACTION NO.  6:23-cv-00633** |
| | § | |
| | § | **COLLECTIVE ACTION UNDER** |
| | § | **42 U.S.C. §216(b)** |
| | § | |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **EAST TEXAS ROOF WORKS & SHEET METAL, LLC AND JIMMY D. GORDON** | § § § | |

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT & DEFAULT JUDGMENT

Plaintiff asks the clerk of the court to enter a default and a default judgment against defendant, as authorized by Federal Rule of Civil Procedure 55.

### A.  Introduction

1.      Plaintiff is John Hopkins Individually and on Behalf of All Others Similarly Situated; defendant is East Texas Roof Works & Sheet Metal, LLC and Jimmy D. Gordon.

2.      On December 28, 2023, Plaintiff sued Defendants as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages. See: ECF 1.

3.      On February 6, 2024, Defendants were served with a summons and a copy of Plaintiff's complaint by certified mail.  A copy of the return of service is filed as ECF 5. Defendants did not file a responsive pleading or otherwise defend the suit.

4.      Plaintiff is entitled to entry of default and to default judgment.

### B.  Argument

5.      The clerk of the court may enter a default and a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit, as long as the affirmative relief sought is a calculable sum certain.  Fed. R. Civ. P. 55(a), (b)(1).

6.      The clerk should enter a default and a default judgment against Defendant because defendant did not file an answer within 20 days after February 6, 2024, the date of service.  Fed.

R. Civ. P. 12(a)(1)(A).

7.    Plaintiff meets the procedural requirements for obtaining both an entry of default and a default judgment from the clerk as demonstrated by William S. Hommel, Jr.'s sworn affidavit, attached as Exhibit A.

8.    Because Defendant did not file a responsive pleading or otherwise defend the suit, it is not entitled to notice of entry of default.  Fed. R. Civ. P. 55(a); *see Key Bank v. Tablecloth Textile Corp.*, 74 F.3d 349, 352-53 (1st Cir. 1996).

9.    The damages set forth in Plaintiff's complaint are not liquidated; therefore, Plaintiff requests that the Court set a hearing for the purpose of hearing evidence regarding Plaintiff's damages.

## C.  Conclusion

10.     For these reasons, plaintiff asks the clerk to enter a default and a default judgment

in favor of Plaintiff and that Plaintiff have judgment against Defendant as follows:

a.    Judgment against Defendant for Plaintiff's actual damages in amount to be determined;

b.    Judgment against Defendant for Plaintiff's unpaid overtime and liquidated damages in an amount to be determined;

c.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;

d.    Costs of suit, including attorney's fees;

e.    The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm P.C.
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF